EXHIBIT 1

ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE PRIMERA INSTANCIA
SALA SUPERIOR DE BAYAMÓN

| OMAR E. ROMERO ACOSTA.<br>Querellante<br><br>Vs.<br><br>BOTTLES, KINDRED SPIRITS INC.<br>y RICHARD GONSALVES.<br>Querellada | CIVIL NUM.<br><br>**SOBRE:** RECLAMACIÓN DE SALARIO LEY NÚM. 2 DE 17 OCTUBRE DE 1961 LEY DE PROCEDIMIENTO SUMARIO DE RECLAMACIONES LABORALES |
|---|---|

## QUERELLA

**AL HONORABLE TRIBUNAL:**

Comparece la parte querellante por conducto de la representación legal que suscribe y muy respetuosamente **expone, asevera y solicita**:

1. Que el querellante es mayor de edad, soltero, propietario y residente de una casa ubicada en la siguiente dirección: Urb. Parkville, Calle Harding V2 Guaynabo, P.R, 00969. Teléfono (787) 299-3672.

2. La querellada, Kindred Spirits Inc. es una Corporación establecida bajo la Ley de Corporaciones del Estado Libre Asociado de Puerto Rico con capacidad de demandar y ser demandada al amparo de dicha Ley y su relación con la parte querellante lo es de patrono en una relación obrero patronal que comenzó durante la primera semana de marzo de 2022 y culminó en la segunda semana de octubre de 2022.

3. El querellante trabajó como mesero a tiempo indeterminado para la querellada en el restaurante llamado *Bottles*.

4. *Bottles* es una empresa que le pertenece a *Kindred Spritis Inc.* cuyo agente residente y dueño es el Sr. Richard Gonsalves.

5. La sección 2.02 de la Ley Núm. 47 de 21 de septiembre de 2021 conocida como Ley de Salario Mínimo en Puerto Rico establece que los(as) empleados(as) que reciben propinas tendrán derecho al salario mínimo federal vigente para dichos(as) trabajadores(as) que, sumado a las propinas, deberá alcanzar al menos el salario mínimo que se establece en esta ley o el decreto mandatorio que sea aprobado.

6. La Ley Federal de Normas Razonables de Trabajo en la sección 203(m) crea una excepción al pago del salario mínimo en el caso de empleados que trabajan a base de propinas, pero para que patrono goce del conocido "tip credit" debe cumplir con varios requisitos.

7. Según la Ley Federal de Normas Razonables de Trabajo, para que un patrono sea exento de pagar el salario mínimo aplicable según establecido en 29 U.S.C. Sección 206 (a) (1)(C) y gozar de la excepción de la Sección 203 (m) debe: (1) pagar un salario mínimo en efecto de al

menos $2.13 por hora; (2) Informar a sus empleados de la provisión del *crédito por propinas* de la Ley Federal de Normas Razonable de Trabajo; (3) le permite a sus empleados retener todas sus propinas (excepto las agrupaciones de propinas permitidas) (4). Se asegura que el salario en efectivo más el crédito por propinas sea igual al menos al salario mínimo cada semana. (traducción nuestra).

8. Según el patrono, la relación obrero patronal, iba a ser configurada bajo la figura del Contratista Independiente y por tal razón la querellada no le pagó el sub-salario fijado por la Ley Federal de Normas Razonables de Trabajo de 1938.

9. La querellada mantiene un sistema en el cual, a los empleados en la misma posición del querellante, pero de mayor antigüedad les paga un sub-salario de $3.70 por hora más propinas.

10. El querellante trabajó por espacio de 7 meses y su salario fue uno a base de comisión (no recibió salario directo del patrono) y sus ingresos ascendían a $850 semanales sin incluir el pago de sub-salario mínimo por hora al cual tiene derecho, sin embargo, patrono incumplió con la obligación legal de pagar un sub-salario mínimo de $2.13 por hora

11. Que patrono le debe a su empleado el pago total por las horas que trabajó durante el periodo de 7 meses el cual asciende a un total de $3,729.6 más el interés legal de 7% aplicable a los casos de reclamaciones salariales lo cual equivale a $261.072 para un total de $3,990.672.

12. Que el patrono mantiene un sistema en el cual le incluye a cada mesa un cargo obligatorio por servicio de 18% pero en realidad se trata de una propina escondida, sin embargo, la querellada se queda con la mitad de la cifra a pesar de que por ley la totalidad de dicha cuantía le corresponde al empleado. Véase, *Departamento de Asuntos del Consumidor v. Kindred Spirits Inc.*, 2016 WL 8452990.

13. Debe haber una distinción cuando un cliente hace un pago de una suma de dinero por concepto de regalo o gratificación en reconocimiento por el servicio que *recibió del cliente vis a vis a un pago obligatorio por servicio.* Véase 29 C.F.R. §531.52

14. La querellada ha prohibido a los clientes dejarles propinas a los meseros(as) en el restaurante, por lo tanto, al no haber distinción los clientes no tienen otra alternativa que hacer el pago por gratificación por el servicio dentro del mal llamado cargo por servicio.

15. Que cuando un cliente no está de acuerdo con el cargo por servicio la querellada opta por eliminar dicho cargo por lo tanto en la práctica no se trata de un cargo obligatorio si no que se trata de una propina escondida y por lo tanto el patrono está proscrito por ley de retener cualquier porción del mal llamado cargo por servicio.

16. Que patrono se aprovecha del "tip credit" ya que paga a sus empleados de mayor antigüedad un salario mínimo menor al inferior y para ello debe cumplir con los requisitos de la Ley Federal de Normas Razonables de trabajo de 1938, sin embargo, incorrectamente ha establecido

prohibiciones a sus clientes de dejar propinas lo cual nos lleva a concluir que el alegado Cargo por servicio es en realidad una propina escondida. **Ver, Exhibit 1.**

17. Que el querellante recibió el pago de $28,178.38 por concepto de gratificación por parte de los clientes a los cuales atendió, sin embargo, dicha cuantía representa la mitad del total ya que patrono se apropió ilegalmente del restante de la suma que corresponde al empleado por el pago de sus propinas. Ver, **Exhibit #2**.

18. Que el patrono utilizó como subterfugio la figura de contratista independiente pese a que el empleado no cumplía con los requisitos de los Arts. 2.2, 2.3 de la Ley de Transformación y Flexibilidad laboral, Ley 4 del 26 de enero de 2017 para la aplicación de la presunción que establece la ley.

19. A saber, los requisitos de la Ley de Transformación y Flexibilidad para establecer la presunción de que un trabajador es un contratista independiente son los siguientes:
    (a) Posee o ha solicitado un número de identificación patronal o número de seguro social patronal; (b) ha radicado planillas de contribuciones sobre ingresos reclamando tener negocio propio; (c) la relación se ha establecido mediante contrato escrito; (d) se le ha requerido contractualmente tener las licencias o permisos requeridos por el gobierno para operar su negocio y cualquier licencia u autorización requerida por ley para prestar los servicios acordados; y (e) cumple con tres (3) o más de los siguientes criterios: (1) Mantiene control y discreción sobre la manera en que realizará los trabajos acordados, excepto por el ejercicio del control necesario por parte del principal para asegurar el cumplimiento con cualquier obligación legal o contractual. (2) Mantiene control sobre el momento en que se realizará el trabajo acordado, a menos que exista un acuerdo con el principal sobre el itinerario para completar los trabajos acordados, parámetros sobre los horarios para realizar los trabajos, y en los casos de adiestramiento, el momento en que el adiestramiento se realizará.
    (3) No se le requiere trabajar de manera exclusiva para el principal, a menos que alguna ley prohíba que preste servicios a más de un principal o el acuerdo de exclusividad es por un tiempo limitado; (4) Tiene libertad para contratar empleados para asistir en la prestación de los servicios acordados; (5) Ha realizado una inversión en su negocio para prestar los servicios acordados, incluyendo entre otros: (A) La compra o alquiler de herramientas, equipo o materiales; (B) la obtención de una licencia o permiso del principal para acceder al lugar de trabajo del principal para realizar el trabajo acordado; y (C) alquilar un espacio o equipo de trabajo del principal para poder realizar el trabajo acordado.

20. Que el querellante no posee ni poseía un número de identificación patronal o número de seguro patronal y tampoco ha radicado planillas de contribuciones sobre ingresos reclamando tener negocio propio.

21. La relación obrero patronal fue configurada por escrito, pero ese hecho por sí solo no es suficiente para establecer los requisitos para que sea de aplicación la presunción de la Ley de Transformación y Flexibilidad.

22. Que ni si quiera el hecho que el contrato escrito haya denominado la relación como una de contratista independiente hace que esto sea un hecho cierto ya que no es el nombre con el que se denomina un acto, el que determina su contenido, según éste surge de un análisis del mismo y de todas las circunstancias que lo rodean. Véase, *Pueblo International Inc., v. Rivera Cruz* 117 DPR 230, 252 (1986).

23. El querellante tenía un horario fijo para prestar sus servicios a la querellada y, si incumplía con el horario pautado por su patrono, debía pagar una multa de $25.00 dólares por tardanza que se descontarían de sus comisiones.

24. El querellante no podía trabajar en otro lugar ya que la querellada no hacía acuerdos razonables referente a su horario de trabajo para que el primero pudiera cumplir con ambas obligaciones laborales.

25. El querellante recibió un entrenamiento de aproximadamente una semana para conocer el menú del Restaurante y saber cómo funcionaba el sistema establecido por el patrono.

26. Que la manera en que se retenían impuestos era a través de una forma de W2 que son las aplicables en casos de empleados y no así una forma 480.6 A que son las correspondientes a los contratistas independientes. **Ver Exhibit # 2.**

27. Que al querellante se le deducían de sus comisiones cantidades por concepto de seguro social y se le pagó una suma por bono de navidad lo cual ocurre en casos de que haya una relación de empleado y patrono. **Ver Exhibit #3.**

28. La ley de Transformación Laboral y Flexibilidad Laboral, Ley Núm. 4 2017, 29 L.P.R.A. § 122b (2017) establece que, de no cumplirse con estos requisitos, la determinación de si es un empleado o contratista independiente se evaluará según lo pactado por las partes en el contrato de trabajo, así como por el grado de control directo que se mantenga sobre las labores que realiza el empleado, salvo que se disponga de otra manera en una ley especial.

29. Que ante la inaplicabilidad de la presunción establecida en la Ley de Transformación y Flexibilidad es necesario ponderar todas las circunstancias que rodean la relación. Véase, *Hernández v. TOLIC*, 151 D.P.R. 759 (2000).

30. El mero hecho de que una persona, como en el caso ante nuestra consideración, subscriba un contrato como contratista no le priva de los Derechos de los que goza un empleado, así lo resolvió el Tribunal Supremo en *Whittenburg v. Iglesia Catòlica de P.R.*, 182 D.P.R. 2017.

31. Que uno de los criterios que utilizó el Tribunal en *Whittenburg v. Iglesia Católica de PR, supra* para determinar si se trataba de un contratista independiente o un empleado fue el hecho que, similar al caso ante nuestra consideración, a Whittenburg se le exigía cumplir con horario y su patrono concedía ciertos beneficios que se le conceden normalmente a los empleados.

32. El Tribunal Supremo, en *Nazario v. Antilles Electric Corp., 101 DPR 569, 572 (1973),* consideró el hecho que a Nazario le hacían descuentos para el seguro social e inclinar la balanza en su determinación que la controversia se trataba de un empleado y no de un contratista independiente como alegó su patrono.

33. Los criterios que el Tribunal debe analizar para determinar si una persona se desempeña como contratista independiente o empleado son algunos de los siguientes: (1) la naturaleza, la extensión y el grado de control por parte del principal; (2) el grado de iniciativa o juicio que despliega el empleado; (3) la propiedad del equipo; (4) la facultad de emplear y el derecho a despedir; (5) la forma de compensación; (6) la oportunidad de beneficio y el riesgo de pérdida, y; (7) la retención de contribuciones. Véase, *Martínez Pérez v. U.C.B* 143 D.P.R. 554, 556 (1997).

34. La querellada tiene un alto grado de control sobre el trabajo del querellante ya que el primero de estos es quien decide el menú el cual debe servir su empleado, el horario, las políticas internas de la empresa y las consecuencias de su incumplimiento y hasta la vestimenta del empleado.

35. El querellante no emplea iniciativa ni juicio ya que la querellada es quien decide el menú y los precios de este, el horario, las políticas internas de la empresa y las consecuencias de su incumplimiento.

36. La querellada posee la propiedad de la totalidad del equipo ya que él es el dueño del lugar donde trabaja el querellante; las herramientas de trabajo que utiliza el querellante, como computadora para tomar y cobrar órdenes, le pertenecen a la querellada, así como es propietaria de la comida que lleva el querellante a las mesas al trabajar como mesero.

37. El querellante no tenía absolutamente ninguna facultad de emplear o despedir, por el contrario, estuvo sujeto órdenes por parte de supervisores quienes a su vez responden a directrices de la querellada.

38. El querellante era compensado bajo un sistema incorrectamente identificado como uno de "comisiones" cuando en realidad su compensación proviene de las propinas que los comensales deciden dar, independientemente del nombre que patrono le haya dado, el empleado recibía sus cheques semanalmente con descuentos por concepto de medicare y seguro social.

39. El riesgo de pérdida del querellante era menor en comparación al grado de pérdidas de la querellada que es la encargada de todos los gastos operacionales del Restaurante.

40. La forma en que se le retenían las contribuciones al querellante era a través de una W2, dicha forma es la que deben utilizar los patronos para informarle al Departamento de Hacienda cuánto le pagó a sus empleados vis a vis un formulario 480.6A mediante el cual una persona o empresa reporta los ingresos que le paga a un contratista independiente y es la forma aplicable en casos que patrono no le retenga ingresos al contratista.

41. Que patrono y parte querellada incumplió con las Normas aplicables de salario mínimo vigente en Puerto Rico según establecidas en la ley de Salario Mínimo de Puerto Rico, Ley núm. 47 de 21 de septiembre de 2021 y la Ley Federal de Normas Razonables de trabajo de 1938.

42. Que el querellante presenta esta reclamación al amparo del Procedimiento Sumario, según establecido en las Secciones 3118 a 3132 del Título 32 L.P.R.A., según la Ley 2 del 17 de octubre 1961.

43. La *Ley Núm 2. supra*, establece un procedimiento sumario para los casos de reclamaciones instadas por obreros y empleados contra sus patronos por servicios prestados. (Véase, *Dávila v. Antilles*, 147 D.R.R. 483 (1999).

44. El Procedimiento sumario establecido en la Ley Núm. 2, *supra*, puede utilizarse con relación a diversas reclamaciones: (1) cualesquiera derechos o beneficios laborales; (2) cualesquiera sumas en concepto de compensación por trabajo o labor realizado; (3) cualesquiera compensaciones en caso de que dicho obrero o empleado hubiese sido despedido de su empleo sin justa causa, o (4) cuando el Legislador lo haya dispuesto expresamente al aprobar otras leyes protectoras de los trabajadores. (Véase, *Rivera v. Insular Wire Products*, 140 DPR 912, 922 (1996).

**POR TODO LO CUAL,** se solicita de este Honorable Tribunal que declare **"HA LUGAR"** la presente querella y en su consecuencia condene a la parte querellada a los pagos de las sumas antes expresadas.

**RESPETUOSAMENTE SOMETIDA.**

En San Juan, Puerto Rico, a 31 de marzo de 2023.

*f/VERÓNIKA M. BANUCHI PONCE*
RUA #22,157
PO BOX 199219
San Juan Puerto Rico 00919
Tel. (787) 519-3290
E-mail: banuchiveronika@gmail.com



Estado Libre Asociado de Puerto Rico
TRIBUNAL GENERAL DE JUSTICIA
**Tribunal de Primera Instancia**
Sala ☐ Superior ☐ Municipal de _____

| | |
|---|---|
| _____ <br> Parte Querellante <br> v. <br> _____ <br> Parte Querellada | CASO NÚM. _____ <br><br> SALÓN NÚM. _____ <br><br> Sobre: _____ <br> Materia o Asunto |

**EMPLAZAMIENTO**
**LEY DE PROCEDIMIENTO SUMARIO DE RECLAMACIONES LABORALES**

ESTADOS UNIDOS DE AMERICA, SS
EL PRESIDENTE DE LOS ESTADOS UNIDOS
EL ESTADO LIBRE ASOCIADO DE PUERTO RICO

A: _____
   Nombre de la parte querellada que se emplaza

   _____
   Dirección de la parte querellada que se emplaza

POR LA PRESENTE, se le emplaza, con copia de la querella radicada en su contra al amparo de la Ley Núm. 2 de 17 de octubre de 1961, según enmendada, apercibiéndole que deberá presentar al Tribunal su alegación responsiva dentro de los ___ días de haber sido diligenciado este emplazamiento, excluyéndose el día del diligenciamiento. Usted deberá presentar su alegación responsiva a través del Sistema Unificado de Manejo y Administración de Casos (SUMAC), al cual puede acceder utilizando la siguiente dirección electrónica: https://unired.ramajudicial.pr, salvo que se represente por derecho propio, en cuyo caso deberá presentar su alegación responsiva en la secretaría del tribunal; con constancia de haber servido copia de la misma al (a la) abogado(a) de la parte querellante o a esta si hubiere comparecido por derecho propio. Se le apercibe, además, que, si así no lo hiciere, se dictará sentencia en su contra, concediendo el remedio solicitado, sin más citarle ni oírle.

_____
Nombre del (de la) abogado(a) de la parte querellante, o de la parte,
si no tiene representación legal

_____
Número ante el Tribunal Supremo, si es abogado(a)

_____
_____
Dirección

_____
Número de teléfono; número de fax

_____
Correo electrónico

Expedido bajo mi firma y sello del Tribunal, el _____ de _____ de _____ .

(Sello del Tribunal)

_____
Nombre del (de la)
Secretario(a) Regional

Por: _____
Nombre y Firma del (de la)
Secretario(a) Auxiliar del Tribunal

OAT 1843 Emplazamiento Ley de Procedimiento Sumario de Reclamaciones Laborales (SUMAC)
(Rev. noviembre 2018)
Ley Núm. 2 de 17 de octubre de 1961, según enmendada                                    Página 1 de 2

CASO NÚM. _____

## CERTIFICADO DE DILIGENCIAMIENTO POR EL (LA) ALGUACIL

Yo _____ Alguacil del Tribunal de Primera Instancia de Puerto Rico, Sala de _____ .

CERTIFICO que el diligenciamiento del emplazamiento y de la querella del caso de referencia fue realizada por mí, el ____ de _____ de _____, a las _____ ☐ am ☐ pm, de la siguiente forma:

☐ Mediante entrega personal a la parte querellada en la siguiente dirección física:
_____

☐ Accesible en la inmediata presencia de la parte querellada en la siguiente dirección física: _____

☐ Dejando copia de los documentos a un(a) agente autorizado(a) por la parte querellada o designada por ley para recibir emplazamientos en la siguiente dirección física:
_____

☐ No se pudo diligenciar el emplazamiento personalmente debido a que:
_____
_____

En _____ , Puerto Rico, el ____ de _____ de _____ .

_____        _____
Nombre del (de la) Alguacil Regional    Nombre del (de la) Alguacil de Primera Instancia y Número de Placa

_____
Firma del (de la) Alguacil de Primera Instancia

## DILIGENCIAMIENTO DEL EMPLAZAMIENTO POR PERSONA PARTICULAR

Yo, _____ , declaro tener capacidad legal conforme la Regla 4.3 de Procedimiento Civil de Puerto Rico, y certifico que el diligenciamiento del emplazamiento y de la querella del caso de referencia fue realizado por mí, el ____ de _____ de _____ , de la siguiente forma:

☐ Mediante entrega personal a la parte querellada en la siguiente dirección física:
_____

☐ Accesible en la inmediata presencia de la parte querellada en la siguiente dirección física: _____

☐ Dejando copia de los documentos a un(a) agente autorizado(a) por la parte querellada o designada por ley para recibir emplazamientos en la siguiente dirección física:
_____

☐ No se pudo diligenciar el emplazamiento personalmente debido a que:
_____
_____

## COSTOS DEL DILIGENCIAMIENTO

$ _____

## DECLARACIÓN DEL (DE LA) EMPLAZADOR(A)

Declaro bajo pena de perjurio, conforme a las leyes del Estado Libre Asociado de Puerto Rico, que la información provista en el diligenciamiento del emplazamiento es verdadera y correcta.

Y PARA QUE ASÍ CONSTE, suscribo la presente en _____ , Puerto Rico, el ____ de _____ de _____ .

_____        _____
Firma del (de la) emplazador(a)        Dirección del (de la) emplazador(a)

AFFIDÁVIT NÚM. _____ [en caso de ser juramentado ante un(a) notario(a)]

Jurado(a) y suscrito(a) ante mí por _____ , de las circunstancias personales anteriormente mencionadas, a quien doy fe de conocer

(conocimiento personal o, en su defecto, la acreditación del medio supletorio provisto por la Ley Notarial)

En _____ , Puerto Rico, el ____ de _____ de _____ .

*Sello del Tribunal o Sello Notarial*

_____
Nombre del (de la) Notario(a) o Secretario(a) Regional

Por: _____

Nombre y Firma del (de la) Secretario(a) Auxiliar del Tribunal

OAT 1843 Emplazamiento Ley de Procedimiento Sumario de Reclamaciones Laborales (SUMAC)
(Rev. noviembre 2018)
Ley Núm. 2 de 17 de octubre de 1961, según enmendada                                    Página 2 de 2

**3 HOUR MAXIMUM DINE IN TIME**
PRICE INCLUDES SERVICE. NO TIPPING ALLOWED
THANK YOU FOR YOUR COOPERATION

### APPETIZERS

| | Take-Out Price | 18% Mark-up | Dine-In Price |
|---|---|---|---|
| Baby Veal Chicharrones | $ 23.00 | $ 4.14 | $ 27.14 |
| Beef Carpaccio * | 22.00 | 3.96 | 25.96 |
| Crab Cakes | 26.00 | 4.68 | 30.68 |
| Crispy Half Duck | 26.95 | 4.85 | 31.80 |
| Escargot | 17.00 | 3.06 | 20.06 |
| Fried Calamari | 21.00 | 3.78 | 24.78 |
| Hummus | 16.50 | 2.97 | 19.47 |
| Jabugo Platter | 54.00 | 9.72 | 63.72 |
| Lomo Iberico | 34.00 | 6.12 | 40.12 |
| Longaniza Egg Rolls | 19.00 | 3.42 | 22.42 |
| Oysters half dozen | 23.00 | 4.14 | 27.14 |
| Pluma Iberica | 39.00 | 7.02 | 46.02 |
| Pork Dumplings | 17.50 | 3.15 | 20.65 |
| Prosciutto & Manchego | 19.50 | 3.51 | 23.01 |
| Sautéed Foie Gras | 42.00 | 7.56 | 49.56 |
| Sautéed Octopus | 32.00 | 5.76 | 37.76 |
| Serrano & Manchego | 19.50 | 3.51 | 23.01 |
| Steamed Mussels | 21.00 | 3.78 | 24.78 |
| Thai Pork Belly | 17.50 | 3.15 | 20.65 |
| Tomato & Burrata Salad | 21.00 | 3.78 | 24.78 |
| Tuna Carpaccio * | 26.00 | 4.68 | 30.68 |
| Tuna Tartar * | 49.00 | 8.82 | 57.82 |
| Tuna Tartar Tacos * | 21.00 | 3.78 | 24.78 |
| Veal Brain | 22.00 | 3.96 | 25.96 |
| Wild Berry Salad | 15.50 | 2.79 | 18.29 |
| With Ahi Tuna or Tuna Tartar * | 49.00 | 8.82 | 57.82 |
| With Chicken | 21.50 | 3.87 | 25.37 |
| With Churrasco | 49.95 | 8.99 | 58.94 |
| With Shrimp or Salmon | 35.50 | 6.39 | 41.89 |
| Minestrone Soup | 9.50 | 1.71 | 11.21 |
| French Onion Soup | 10.50 | 1.89 | 12.39 |

### HOT SANDWICHES & WRAPS

| | Take-Out Price | 18% Mark-up | Dine-In Price |
|---|---|---|---|
| Grilled Chicken Sandwich | $ 17.00 | $ 3.06 | $ 20.06 |
| Grilled Chicken Wrap | 19.00 | 3.42 | 22.42 |
| Montecristo | 19.00 | 3.42 | 22.42 |
| Richard's Reuben | 22.00 | 3.96 | 25.96 |
| Kobe Burger * | 23.95 | 4.31 | 28.26 |
| Half Kobe Burger * | 14.95 | 2.69 | 17.64 |
| Trent's Cubano | 24.50 | 4.41 | 28.91 |
| Vegetarian Wrap | 22.00 | 3.96 | 25.96 |

*Wine prices on reverse*

### ENTRÉES

| | Take-Out Price | 18% Mark-up | Dine-In Price |
|---|---|---|---|
| Ahi Tuna 16oz * | $ 49.00 | $ 8.82 | $ 57.82 |
| Atlantic Salmon 12oz | 34.00 | 6.12 | 40.12 |
| Blackened Swordfish 12oz | 38.00 | 6.84 | 44.84 |
| Halibut 12oz | 42.00 | 7.56 | 49.56 |
| Mahi Mahi 10oz | 29.00 | 5.22 | 34.22 |
| Smoked Salmon & Ravioli | 33.00 | 5.94 | 38.94 |
| Grilled Jumbo Garlic Shrimp | 49.00 | 8.82 | 57.82 |
| Lobster Risotto | 79.95 | 14.39 | 94.34 |
| Shrimp Gnocchi or Scampi | 33.00 | 5.94 | 38.94 |
| Beef Tenderloin Kebabs * (5x3oz) | 49.95 | 8.99 | 58.94 |
| Braised Beef Shank 6lbs. | 130.00 | 23.40 | 153.40 |
| Braised Short Rib & Ravioli | 34.00 | 6.12 | 40.12 |
| Churrasco 20oz * | 49.95 | 8.99 | 58.94 |
| Filet Mignon 18oz * | 79.95 | 14.39 | 94.34 |
| New York Striploin 24oz * SR | 54.00 | 9.72 | 63.72 |
| New York Striploin 50oz R/MR * SR | 89.00 | 16.02 | 105.02 |
| New York Striploin Mushroom Risotto | 49.50 | 8.91 | 58.41 |
| Wagyu Tomahawk 48oz R/MR * | 170.00 | 30.60 | 200.60 |
| Rib Eye 28oz * SR | 56.00 | 10.08 | 66.08 |
| Whole Roasted Tenderloin R/MR * | 225.00 | 40.50 | 265.50 |
| Australian Rack of Lamb * | 39.00 | 7.02 | 46.02 |
| Pork Chop 18oz | 29.00 | 5.22 | 34.22 |
| Pork Schnitzel | 34.00 | 6.12 | 40.12 |
| St. Louis BBQ Ribs | 34.50 | 6.21 | 40.71 |
| Chicken Marsala | 27.50 | 4.95 | 32.45 |
| Whole Roasted Chicken | 34.95 | 6.29 | 41.24 |

### COLD SANDWICHES

| | Take-Out Price | 18% Mark-up | Dine-In Price |
|---|---|---|---|
| Ham, Turkey, or Salami | $ 13.00 | $ 2.34 | $ 15.34 |
| ½ | 9.00 | 1.62 | 10.62 |
| Deli Chicken, Choripan, or Ham & Turkey | 13.00 | 2.34 | 15.34 |
| ½ | 9.50 | 1.71 | 11.21 |
| Roast Beef, Turkey & Chorizo, or Turkey & Serrano | 15.00 | 2.70 | 17.70 |
| ½ | 11.00 | 1.98 | 12.98 |
| Corned Beef, Pastrami Brisket, Serrano, Proscuitto, or Smoked Salmon | 16.00 | 2.88 | 18.88 |
| ½ | 12.00 | 2.16 | 14.16 |

### DESSERTS

| | Take-Out Price | 18% Mark-up | Dine-In Price |
|---|---|---|---|
| Baked Alaska * or Bananas Foster | $ 21.50 | $ 3.87 | $ 25.37 |
| Chocolate Cake or Carrot Cake | 12.50 | 2.25 | 14.75 |
| Key Lime Pie | 10.50 | 1.89 | 12.39 |
| Nutella Cheesecake | 13.50 | 2.43 | 15.93 |

* CONSUMING RAW OR UNDERCOOKED MEAT OR FISH CAN BE HAZARDOUS TO YOUR HEALTH
SR = Cooking process includes slow roasting
Sales tax is 11.5% for wine, liquor, corkage, and service

**Formulario**
Form **499R-2/W-2PR**
Rev. 07.22

**222**

GOBIERNO DE PUERTO RICO - GOVERNMENT OF PUERTO RICO
DEPARTAMENTO DE HACIENDA - DEPARTMENT OF THE TREASURY

**COMPROBANTE DE RETENCIÓN - WITHHOLDING STATEMENT**

**INFORMACIÓN PARA EL DEPARTAMENTO DE HACIENDA - DEPARTMENT OF THE TREASURY INFORMATION**

**INFORMACIÓN PARA EL SEGURO SOCIAL - SOCIAL SECURITY INFORMATION**

1. Nombre - First Name: OMAR
Apellido(s) - Last Name(s): ROMERO
Dirección Postal del Empleado - Employee's Mailing Address:
V2 URB. PARKVILLE G
GUAYNABO PR 00969-0000

Fecha de Nacimiento / Date of Birth: Día/Day ___ Mes/Month ___ Año/Year ___

2. Nombre y Dirección Postal del Patrono - Employer's Name and Mailing Address:
KINDRED SPIRIT INC.
2 CALLE TABONUCO STE 5
GUAYNABO, PR 00968

Número de Teléfono del Patrono - Employer's Telephone Number: (787) 247-0090
Correo Electrónico del Patrono - Employer's E-mail: JULIE@BOTTLESPR.COM

Fecha Cese de Operaciones / Cease of Operations Date: Día/Day ___ Mes/Month ___ Año/Year ___

Número Confirmación de Radicación Electrónica - Electronic Filing Confirmation Number: W0097062560

Número Control - Control Number: 202200062

**Fecha de radicación: 31 de enero / Filing date: January 31**
**Año/Year: 2022**

3. Núm. Seguro Social / Social Security No.: 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
4. Núm. de Ident. Patronal / Employer Ident. No. (EIN): 66-0560307
5. Costo de cubierta de salud auspiciada por el patrono - Cost of employer-sponsored health coverage: 0.00
6. Donativos / Charitable Contributions: 0.00

Indique si la remuneración incluye pagos al empleado por: - Indicate if the remuneration includes payments to the employee for:
A- ☐ Médico cualificado (Ver instrucciones) / Qualified physician (See instructions)
B- ☐ Servicios domésticos / Domestic services
C- ☐ Trabajo agrícola / Agricultural labor
D- ☐ Ministro de una iglesia o miembro de una orden religiosa - Minister of a church or member of a religious order
E- ☐ Profesionales de la salud (Ver instrucciones) / Health professionals (See instructions)
F- ☐ Empleo directo (Ver instrucciones) / Direct employment (See instructions)
  (i) Horas trabajadas / Hours worked: 0.00
  (ii) EIN _____
G- ☐ Otros - Others: _____

7. Sueldos - Wages: 1,069.26
8. Comisiones - Commissions: 27,109.12
9. Concesiones - Allowances: 0.00
10. Propinas - Tips: 0.00
11. Total = 7 + 8 + 9 + 10: 28,178.38
12. Gastos Reemb. y Beneficios Marginales / Reimb. Expenses and Fringe Benefits: 0.00
13. Cont. Retenida - Tax Withheld: 2,428.01
14. Fondo de Retiro Gubernamental / Governmental Retirement Fund: 0.00
15. Aportaciones a Planes Calificados / Contributions to CODA PLANS: 0.00

Salarios Exentos (Ver instrucciones) / Exempt Salaries (See instructions)
16. Código/Code ___ : 0.00
17. Código/Code ___ : 0.00
18. Código/Code ___ : 0.00
19. Aportaciones al Programa Ahorra y Duplica tu Dinero - Contributions to the Save and Double your Money Program: 0.00

20. Total Sueldos Seguro Social / Social Security Wages: 28,178.38
21. Seguro Social Retenido / Social Security Tax Withheld: 1,747.08
22. Total Sueldos y Pro. Medicare / Medicare Wages and Tips: 28,178.38
23. Contrib. Medicare Retenida / Medicare Tax Withheld: 408.58
24. Propinas Seguro Social / Social Security Tips: 0.00
25. Seguro Social no Retenido en Propinas - Uncollected Social Security Tax on Tips: 0.00
26. Contrib. Medicare no Retenida en Propinas - Uncollected Medicare Tax on Tips: 0.00



**Kindred Spirit Inc.**
2 Calle Tabonuco Ste 5
Guaynabo PR 00968

Oriental Bank
Main Office
San Juan PR
101-7141-2215

Check No. 97561

PAY TO THE ORDER OF: OMAR ROMERO

SEVEN HUNDRED TWENTY-SIX AND 68/100

CHECK DATE: 06/24/2022
CHECK AMOUNT: $726.68

MEMO: PAYROLL: 202206 - 25

⑆097561⑆ ⑈221571415⑈ 0514002214⑈

---

**001513 - ROMERO, OMAR**
DEPARTMENT: Food Server

| INCOME | HOURS | RATE | Pay Rate CURRENT | YTD | Period 202206 25 | Week End 06/19/2022 | Check Number 97561 |
|---|---|---|---|---|---|---|---|
| | | | $0.00 | | | | |
| COMMISSIONS | 0.00 | | $872.22 | $14,266.71 | | | |
| RETROACTIVE | 0.00 | | $0.00 | $194.78 | | | |
| TOTAL INCOME | 0.00 | | $872.22 | $14,461.49 | | | |

| DEDUCTIONS | CURRENT | YTD |
|---|---|---|
| INCOME TAX | $67.70 | $1,475.25 |
| SOCIAL SECURITY | $54.08 | $896.62 |
| MEDICARE | $12.65 | $209.68 |
| PARKING DEDUCTION | $11.11 | $144.43 |
| DISABILITY | $0.00 | $85.51 |
| ADVANCE | $0.00 | $175.00 |
| TOTAL DEDUCTIONS | $145.54 | $2,986.49 |

**TOTAL NET: $726.68**

GB2023CV00268 30/03/2023 04:25:18 pm Entrada Núm. 2 Página 1 de 2

ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL GENERAL DE JUSTICIA
TRIBUNAL DE PRIMERA INSTANCIA
SALA SUPERIOR DE GUAYNABO

OMAR E. MARRERO ACOSTA
Parte Querellante

v.

BOTTLES, KINDRED SPIRITS INC.
Parte Querellada

CASO NÚM. GB2023CV00268

SOBRE: PROCEDIMIENTO SUMARIO BAJO LEY NÚM 2

## EMPLAZAMIENTO

ESTADOS UNIDOS DE AMERICA, SS
EL PRESIDENTE DE LOS ESTADOS UNIDOS
EL ESTADO LIBRE ASOCIADO DE PUERTO RICO

**A: BOTTLES, KINDRED SPIRITS INC.**
#2 CALLE TABONUCO SUITE 5 GUAYNABO, PUERTO RICO 00968

POR LA PRESENTE, se le emplaza, con copia de la querella radicada en su contra al amparo de la Ley Núm. 2 de 17 de octubre de 1961, según enmendada, apercibiéndole que deberá presentar al Tribunal su alegación responsiva dentro de los 10 días de haber sido diligenciado este emplazamiento, excluyéndose el día del diligenciamiento. Usted deberá presentar su alegación responsiva a través del Sistema Unificado de Manejo y Administración de Casos (SUMAC), al cual puede acceder utilizando la siguiente dirección electrónica: https://unired.ramajudicial.pr, salvo que se represente por derecho propio, en cuyo caso deberá presentar su alegación responsiva en la secretaría del tribunal; con constancia de haber servido copia de la misma al (a la) abogado(a) de la parte querellante o a esta si hubiere comparecido por derecho propio. Se le apercibe, además, que, si así no lo hiciere, se dictará sentencia en su contra, concediendo el remedio solicitado, sin más citarle ni oírle.

Nombre del Abogado: VER?NIKA MERCEDES BANUCHI PONCE
RUA: 22157
Dirección: PO BOX 192212, SAN JUAN, PUERTO RICO, 00919
Tel: 7875193290 / Fax:
Correo Electrónico: banuchiveronika@gmail.com

Expedido bajo mi firma y sello del Tribunal, el 31 de marzo de 2023

LCDA. LAURA I. SANTA SÁNCHEZ
Secretaria Regional
Nombre del (de la) Secretario(a) Regional

Por: ELIDA D. VILLEGAS PAGÁN
Secretaria Auxiliar del Tribunal I
Nombre y Firma del (de la) Secretario(a) Auxiliar del Tribunal

GB2023CV00268 30/03/2023 04:25:18 pm Entrada Núm. 2 Página 2 de 2

Caso Núm. **GB2023CV00268**

## CERTIFICADO DE DILIGENCIAMIENTO POR EL (LA) ALGUACIL

Yo _____ Alguacil del Tribunal de Primera Instancia de Puerto Rico, Sala de _____

CERTIFICO que el diligenciamiento del emplazamiento y de la demanda del caso de referencia fue realizada por mí, el ____ de _____ de ____ a las ____ ☐ am ☐ pm, de la siguiente forma:

☐ Mediante entrega personal a la parte demandada en la siguiente dirección física:

☐ Accesible en la inmediata presencia de la parte demandada en la siguiente dirección física:

☐ Dejando copia de los documentos a un(a) agente autorizado(a) por la parte demandada o designada por ley para recibir emplazamientos en la siguiente dirección física:

☐ No se pudo diligenciar el emplazamiento personalmente debido a que:

En _____, Puerto Rico, el ____ de _____ de ____

Nombre del (de la) Alguacil Regional

Nombre del (de la) Alguacil de Primera Instancia y Número de Placa

Firma del (de la) Alguacil de Primera Instancia

## DILIGENCIAMIENTO DEL EMPLAZAMIENTO POR PERSONA PARTICULAR

Yo, _Pedro Padilla Plaza_, declaro tener capacidad legal conforme la Regla 4.3 de Procedimiento Civil de Puerto Rico y certifico que el diligenciamiento del emplazamiento y de la demanda del caso de referencia fue realizado por mí, el _31_ de _Marzo_ de _2023_ de la siguiente forma: _12:35 p.m._

☒ Mediante entrega personal a la parte demandada en la siguiente dirección física: _#2 Calle Palomares SE3, Guayama to Bottles_

☐ Accesible en la inmediata presencia de la parte demandada en la siguiente dirección física:

☐ Dejando copia de los documentos a un(a) agente autorizado(a) por la parte demandada o designada por ley para recibir emplazamientos en la siguiente dirección física:

☐ No se pudo diligenciar el emplazamiento personalmente debido a que:

## COSTOS DEL DILIGENCIAMIENTO

$ _____

## DECLARACIÓN DEL (DE LA) EMPLAZADOR(A)

Declaro bajo pena de perjurio, conforme a las leyes del Estado Libre Asociado de Puerto Rico, que la información provista en el diligenciamiento del emplazamiento es verdadera y correcta. Y PARA QUE ASÍ CONSTE, suscribo la presente en _Guayama_, Puerto Rico, el _31_ de _Marzo_ de _2023_

Firma del (de la) emplazador(a)

Dirección del (de la) emplazador(a): _Pedro Padilla Plaza_

AFFIDAVIT NÚM _____

Jurado(a) y suscrito(a) ante mí por _Pedro Padilla Plaza_, de las circunstancias personales anteriormente mencionadas, a quien doy fe de conocer _LC#494198_ (conocimiento personal, o, en su defecto, la acreditación del medio supletorio provisto por la Ley Notarial)

En _____, Puerto Rico, el ____ de _____ de ____

Por: _____

Nombre del (de la) Notario(a) o Secretario(a) Regional

Nombre y Firma del (de la) Secretario(a) Auxiliar del Tribunal