IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

**OMAR E. ROMERO-ACOSTA**,
    Plaintiff,

    v.

**BOTTLES, KINDRED SPIRITS, INC.**, *et al.*,
    Defendants.

Civil No. 23-1163 (JAG/BJM)

## ORDER

Plaintiff Omar E. Romero-Acosta ("Romero-Acosta") moves to compel responses to various discovery requests from defendants Bottles, Kindred Spirits, Inc. and its president, Richard Gonsalves (collectively, "Bottles"). Docket No. ("Dkt.") 46. Bottles opposes. Dkt. 50. This matter was referred to me for disposition. Dkt. 48. For the reasons set forth below, Romero-Acosta's motion to compel is **GRANTED IN PART** and **DENIED IN PART**.

Bottles is an upscale restaurant in Guaynabo, Puerto Rico. Dkt. 17-1 at 2. Romero-Acosta was employed by Bottles as a waiter and front-of-the-house employee. *Id*. at 5. He claims that Bottles violated minimum wage and overtime requirements under the federal Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. ("FLSA"), and under Puerto Rico law. Dkt. 46 at 2. Wait staff at Bottles were apparently paid through "commissions" deriving from an automatic "service charge" on customer bills. *Id*. Romero-Acosta claims that Bottles's compensation scheme deprived staff of hourly wages, earned tips, and overtime pay. *Id*. He also claims that Bottles illegally docked employee wages for work-related infractions. *Id*.

Romero-Acosta originally filed his claim in the Puerto Rico Court of First Instance in March 2023. Dkt. 1 at 1. Citing federal question and supplemental jurisdiction, Bottles removed the case to federal court. *Id*. Romero-Acosta sought to remand the case back to the Puerto Rico Court of First Instance, but was denied. Dkt. 12. He then moved to amend his complaint, seeking to continue the case as a class action on behalf of himself, five other named individuals who

worked at Bottles, and others similarly situated. Dkt. 17. This court's ruling on Romero-Acosta's motion to amend remains pending.

Meanwhile, Romero-Acosta and Bottles engaged in discovery negotiations. On April 26, 2024, Romero-Acosta served Bottles with thirteen requests for production ("RFPs"). Dkt. 46-1. Bottles replied on July 10, 2024, producing some documents and raising objections. Dkt. 46 at 5. The parties held a Rule 26(b) conference via telephone on July 18, 2024. *Id*. at 8. Several disagreements remained, and Romero-Acosta followed up several times with Bottles on the remaining points. *Id*. Receiving no response, he filed the instant motion to compel. *Id*. After the motion to compel was filed, Bottles produced documents relating to their testimony on wait staff compensation before the Puerto Rico Legislative Assembly, documents relating to a 2016 DACO case, and photographs of signs posted at the restaurant advising customers about their service charge policies. Dkt. 46 at 4 fn. 1; Dkt. 50 at 7.

"Mutual knowledge of all the relevant facts gathered by both parties is essential to proper litigation." *Hickman v. Taylor*, 329 U.S. 495, 507 (1947). Discovery permits parties to acquire this mutual knowledge, thus promoting fairness at trial. *Thibeault v. Square D Co*., 960 F.2d 239, 244 (1st Cir. 1992). A party acting within the scope of Rule 26 may conduct discovery by, among other things, serving another party with interrogatories, Fed. R. Civ. P. 33, or by requesting production of documents, Fed. R. Civ. P. 34. If disputes arise, a party may move to compel discovery after first attempting in good faith to resolve the problem without court action. *See* Fed. R. Civ. P. 37(a)(3)(B).

Initially, a party seeking discovery must "make a showing, as meager as that may be, of relevance." *Ramos v. Vizcarrondo*, Civ. No. 14-1722 (GAG), 2016 U.S. Dist. LEXIS 192884, 2016 WL 9460635, at *1 (D.P.R. Apr. 25, 2016); *see also Caouette v. Office Max, Inc*., 352 F. Supp. 2d 134, 136 (D.N.H. 2005)). This initial "burden is not onerous." *Aronstein v. Massachusetts Mut. Life Ins. Co*., Civ. No. 15-12864-MGM, 2017 U.S. Dist. LEXIS 100867, 2017 WL 2818993, at *2 (D. Mass. June 29, 2017). Once this burden is met, the party resisting production bears the burden to show that discovery is improper. *Autoridad de Carreteras y Transportacion v. Transcore Atl.,*

*Inc.*, 319 F.R.D. 422, 427 (D.P.R. 2016); *see also Rodriguez-Ruiz v. Microsoft Operations Puerto Rico, L.L.C.*, Civ. No. 18-1806 (PG), 2020 U.S. Dist. LEXIS 39681, 2020 WL 1675708, at *2 (D.P.R. Mar. 5, 2020). The objecting party must show "'specifically how each interrogatory is not relevant or how each question is overly broad, burdensome or oppressive.'" *BPP Retail Properties, LLC v. N. Am. Roofing Services, Inc.*, 300 F.R.D. 59, 61 (D.P.R. 2014) (quoting *Vazquez–Fernandez v. Cambridge Coll., Inc.*, 269 F.R.D. 150, 155–56 (D.P.R.2010)); *see* Fed. R. Civ. P. 33(b)(4), 34(2)(B) (requiring that the grounds for an objection be stated "with specificity"). Boilerplate, generalized objections to an opponent's discovery requests are inadequate. *Autoridad de Carreteras y Transportacion*, 319 F.R.D. at 427; *Moreno Rivera v. DHL Glob. Forwarding*, 272 F.R.D. 50, 55 (D.P.R. 2011). "[A]n evasive or incomplete" answer constitutes a failure to answer. Fed. R. Civ. P. 37(a)(4).

As a threshold matter, I find that Romero-Acosta complied with Local Rule 26 by making a good faith effort to resolve this dispute before bringing it before the court. *See* Local Rules of the U.S. Dist. Court for the Dist. of P.R. Rule 26(b) ("A judge shall not consider any discovery motion that is not accompanied by a certification that the moving party has made a reasonable and good-faith effort to reach an agreement with opposing counsel on the matters set forth in the motion. An attempt to confer will not suffice."). Romero-Acosta engaged in back-and-forth negotiations after serving his RFPs, held a Rule 26(b) conference, followed up on outstanding items, and certified in his motion that a good-faith effort was made to reach an agreement. Dkt. 46 at 5-10. I am satisfied that Romero-Acosta exhausted efforts to resolve this dispute without the assistance of the court.

Bottles raises several objections to Romero-Acosta's RFPs and motion to compel. First, they argue that he failed to adequately explain how their initial responses did not comply with the RFPs. Bottles claims that a motion to compel must "be specifically targeted to specific requests and must have reasons why the motion should be granted," and that Romero-Acosta "may not rely on general statements of, the opposition did not produce what we were asking for." Dkt. 50 at 1-2 (internal citations omitted). However, this mischaracterizes Romero-Acosta's objections to

Bottles's responses, which are articulated in a specific fashion with respect to each response. *See* Dkt. 46-2 at 3-7. Bottles's first argument is thus without merit.

Next, Bottles argues that all discovery related to additional potential class members should be stayed until Romero-Acosta's motion to amend is ruled on. Bottles cites *Toth v. N.Y.C. Dep't of Educ.*, No. 21-CV-4245 (AMD) (JAM), 2024 U.S. Dist. LEXIS 133567, 2024 WL 3567337 (E.D.N.Y. Jul. 26, 2024), for the proposition that class-related discovery should be stayed pending resolution of a dispositive motion on the class claims. "District courts have broad discretion to stay proceedings and discovery by virtue of their inherent power to control their own dockets." *Drewniak v. United States Customs & Border Prot.*, 563 F. Supp. 3d 1, 3 (D.N.H. 2021) (citing *Clinton v. Jones*, 520 U.S. 681, 706, 117 S. Ct. 1636, 137 L. Ed. 2d 945 (1997)). "The party requesting a stay has the burden of demonstrating its necessity." *Id*. Here, unlike in *Toth*, discovery with respect to other class members is not likely to be burdensome for Bottles. They have already produced responsive records with respect to Romero-Acosta himself. Dkt. 46-2 at 7. The information requested with respect to additional class members should be similar, and the number of potential class members is limited to current and former staff at Bottles. Further, unlike in *Toth*, Bottles has not persuasively argued that "plaintiffs' class claims [are] unlikely to survive." *Toth*, 2024 U.S. Dist. LEXIS 133567 at *5. Weighed against the marginal burden to Bottles, I find that discovery with respect to other class members is proper.

Next, the parties disagree on the relevant time period applicable for discovery. Noting that Romero-Acosta is currently the only plaintiff in the case, Bottles asserts that the relevant period is limited to the duration of his employment, beginning in March 2022. Dkt. 50 at 4-5. In the alternative, Bottles argues that Romero-Acosta has not shown that discovery outside the statute of limitations period is warranted. *Id*. Since I am permitting class-related discovery, Bottles's rationale for limiting the discovery period to Romero-Acosta's employment no longer holds. On the other hand, I agree that Romero-Acosta has not articulated why discovery outside the statute of limitations period would likely produce admissible evidence. This leaves the question of which statute of limitations applies. Romero-Acosta asserts that the relevant statute of limitations is five-

years, pursuant to the Puerto Rico Minimum Wage Act of 2021, 29 L.P.R.A. § 261 *et seq*. (the "2021 Minimum Wage Act"). *See* 29 L.P.R.A. § 263d. Bottles counters that the three-year statute of limitations from the Puerto Rico Minimum Wage, Vacation and Sick Leave Act of 1998, 29 L.P.R.A. § 250 *et seq*., applies. *See* 29 L.P.R.A. § 250j. According to Bottles, the 2021 Minimum Wage Act "expressly provides that wage claims that accrued prior to [the date of enactment, September 21, 2021] are subject to the statute of limitations previously in effect." Dkt. 50 at 4 fn. 1. However, Bottles misreads the 2021 Minimum Wage Act, which instead states that "[w]age claims *filed* before the approval of this act shall be subject to the statute of limitations previously in effect." 29 L.P.R.A. § 263d (emphasis added). Since Romero-Acosta's claims were filed after the 2021 Minimum Wage Act was approved, the five-year statute of limitations applies. Therefore, I will generally limit discovery to five years prior to the date that the complaint was filed.[1]

Bottles also raises objections with respect to several specific RFPs. First, they claim to have already provided an adequate answer to RFP 3, which requests:

> Any and all correspondence, notes, documents, memoranda or other writing which in any way mentions, references, addresses, or sets forth the rules or mechanisms for distributing the proceeds of any "service charge" or fee for "dining-in," or the calculation of the referenced distributions, including but not limited to forms or correspondence or notes of meetings with the United States Department of Labor and/or the Puerto Rico Department of Labor.

Dkt. 46-1 at 4. Bottles answered that they do not "distribute the proceeds" from the service charge and thus have no records responsive to the request. Dkt. 50 at 6. Bottles also points to the deposition testimony of Julie Worley, a principal executive at Bottles, stating that some of the funds from the service charge were used to pay the wait staff and kitchen staff. *Id*. However, neither of these answers adequately responds to the RFP. As noted previously, "an evasive or incomplete" answer constitutes a failure to answer. Fed. R. Civ. P. 37(a)(4). Romero-Acosta seeks

---

[1] Since the 2021 Minimum Wage Act permits recovery on wages accrued five years prior to the last day of employment, class members no longer employed at Bottles may have claims extending earlier. *See* 29 L.P.R.A. § 263d ("In the event the employee has ceased to work for the employer, the claim shall only include the last five (5) years prior to the date the employee ceased working."). For any such class members, discovery within five years of their last day of employment is permitted.

documentation on where the money from the service charge goes. Presumably it goes somewhere, perhaps simply to Bottles's general funds. Answering that the funds are not "distributed" dodges the question. The reference to Worley's deposition testimony is similarly inadequate. For one, "answering interrogatories simply by directing the proponent to rummage through other discovery materials" and "invit[ing to] sift through documents previously delivered in search of the documents that they requested" is a "manifestly inadequate" response to a discovery request. *Mulero–Abreu v. Puerto Rico Police Dept.*, 675 F.3d 88, 93 (1st Cir. 2012). Further, Worley's testimony does not fully answer the question of where the money from the service charge goes. She mentions that some of the money goes to pay the wait staff and kitchen staff but does not claim these are the only ways the funds are spent. Dkt. 50 at 6. To properly answer Romero-Acosta's request, Bottles must show how the money from the service charge is spent by providing any applicable documentation.

> Bottles also claims to have fully answered RFP 4, which requests:
>
> Any and all testimony or submissions by Richard Gonsalves and/or any other exempt or non-exempt employee, on behalf of Bottles, which in any way mentions, references, addresses, or sets forth Bottles's and/or Mr. Gonsalves's position with respect to the commission payment structure for waiters at Bottles, the imposition of a "service charge" or a fee for "dining in" and/or the payment of minimum wage or any hourly wage for waiters at Bottles.

Dkt. 46-1 at 4-5. After Romero-Acosta filed the instant motion to compel, Bottles produced materials including 1) powerpoint slides from a presentation given to the Puerto Rico Legislative Assembly during consideration of Law 209-2016 ("Law for Transparency in Purchase Receipts"); 2) a report prepared after the same presentation; and 3) photographs of the signs posted on the restaurant entrance advising customers about Bottles's service charge policies. Dkt. 50 at 7. Romero-Acosta does not claim that this response was insufficient. Therefore, I will not compel further discovery on RFP 4 at this time.

Finally, Bottles apparently raised objections in their initial responses that some RFPs are overbroad or seek privileged material. *See* Dkt. 46-2 at 4-6. However, Bottles did not share their initial responses with the court, nor did they articulate any overbreadth or privilege defenses in

their brief. As the party resisting production, Bottles bears the burden of showing that discovery is improper. *Autoridad de Carreteras y Transportacion*, 319 F.R.D. at 427. Any overbreadth or privilege objections are thus insufficiently developed to meet this burden.

To sum up, Romero-Acosta's motion to compel is **GRANTED IN PART** and **DENIED IN PART**. Bottles must supplement its previous responses to RFP Nos. 1, 2, 3, 5, 6, 7, 8, 9, 10, 11, 12, and 13, to the extent they relied on objections that have been overruled herein. Bottles need not respond further to RFP 4 at this time. Bottles must address discovery requests pertaining to Romero-Acosta's class claims, but may also limit their response to each RFP to the five-year statute of limitations period. Objections to RFPs that Bottles could have raised previously but did not are waived, unless Bottles shows good cause why their failure should be excused. *See* Fed. R. Civ. P. 34(b)(4). Bottles shall produce discovery required by this order by October 18, 2024.

Should further discovery disputes arise, parties must exhaust good faith efforts to resolve those disputes among themselves prior to bringing them to this court. Parties are strongly urged to consider settlement.

**IT IS SO ORDERED.**
In San Juan, Puerto Rico, this 4th day of October, 2024.

*S/ Bruce J. McGiverin*
BRUCE J. MCGIVERIN
United States Magistrate Judge