## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

OMAR E. ROMERO-ACOSTA, et al.,

Plaintiffs,

v.

BOTTLES, KINDRED SPIRITS INC., et al.,

Defendants.

Civil No.  23-1163 (GLS)

## ORDER

Pending before the Court is Defendants' Motion to Vacate Court Orders at Docket No. 305. Defendants ask the Court to vacate the Court's orders at Docket Nos. 158 and 221 (denying their request for dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure initially and on reconsideration), conduct a *de novo* review of those decisions, disregard certain arguments made by Plaintiffs in support of their request for summary judgment, and stay the proceedings until the Court has conducted the *de novo* review. Docket No. 305 at p. 12. Defendants anchor their requests on arguments that the referenced Court orders are tainted by a conflict of interest involving one of the law clerks (herein, "ABG") serving the Hon. Judge Jay A. García-Gregory, who presided over the proceedings until April 24, 2026, when he entered an order of recusal at Docket No. 286. Plaintiffs opposed at Docket No. 310.

I will not rehash the background except to make three (3) points. First and foremost, the decisions at issue were made exclusively by Hon. Judge García-Grogory on July 31, 2025, and November 26, 2025. Second, those decisions were issued months prior to ABG's reported contact with the law firm of Defendants' counsel and the filing of the complaint in Civil No. 26-1212 (SCC). And third, neither Defendants nor Defendants' counsel are or have been parties to the state court litigation between ABG's parents.

Romero Acosta, et al. v. Bottles, et al.
Civil No. 23-1163 (GLS)

Defendants' request to vacate the Court's orders at Docket Nos. 158 and 221 hinges solely on ABG's purported conflict. But there is no question that it was Hon. Judge García-Gregory, and not his law clerk, who made the decisions. In re Allied-Signal Inc., 891 F.2d 967, 971 (1st Cir. 1989) ("Both bench and bar recognize, moreover, that judges, not law clerks, make the decisions."). And, as expressed by the First Circuit in Allied, there is no question that a seasoned judge like Hon. Judge García-Gregory is "fully capable (and believed by reasonable members of the public to be fully capable) of taking account of whatever 'bias'" his law clerk could have harbored against Defendants' counsel. Id.; see also In re Corrugated Container Antitrust Litig., 614 F.2d 958, 968 (5th Cir. 1980) (a law clerk's views cannot be attributed to the judge; judge is not disqualified because of actions and statements attributed to his law clerk). Indeed, this much was recognized by Defendants in their motion when they stated that "neither Defendants nor the undersigned have any reason to believe, nor are they in any way doubting or implying that this Honorable Court has acted with any inkling of impropriety." See Docket No. 305 at p. 10.

Nevertheless, Defendants seek that the challenged decisions be vacated. Under 28 U.S.C. § 455(a), "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." Id. But Section 455(a) "requires a judge to step down only if the charge against her is supported by a factual foundation and 'the facts provide what an objective, knowledgeable member of the public would find to be a *reasonable basis* for doubting the judge's impartiality.'" In re United States, 158 F.3d 26, 30 (1st Cir. 1998) (emphasis in the original) (citations and quotations omitted); In re Allied-Signal Inc., 891 F.2d at 969–70. Requests for recusal cannot be based on subjective or irrational fears, speculation, unsupported accusations, or unfounded surmise. In re U.S., 158 F.3d at 30; In re Martínez-Catalá, 129 F.3d 213, 220 (1st Cir. 1997). Neither is recusal warranted when premised on a party's disagreement with the decisions made by a judge, even when those decisions could be deemed erroneous. In re United States, 441 F.3d 44, 67 (1st Cir. 2006) (a judge's rulings rarely provide a basis for recusal under § 455(a), even when those rulings could be deemed erroneous); United States v. González-González, 362 F. Supp. 3d 62, 70 (D.P.R. 2019).

2

Romero Acosta, et al. v. Bottles, et al.
Civil No. 23-1163 (GLS)

Under the standard set forth in Section 455(a), the facts of this case do not warrant the extraordinary relief Defendants now seek.[1] As argued by Defendants, the claim of conflict here is directed solely at ABG, not Hon. Judge García-Gregory. And those claims are based exclusively on Defendants' belief that, because ABG's initials appear next to some of the orders in the case, she must have overseen the day-to-day management of the case and would have necessarily been involved in making the decisions at Docket Nos. 158 and 221. But note that, other than for the initials in the docket sheet, Defendants have no information as to the law clerk's degree of involvement in the case. Judges use their law clerks in different ways and assignments to law clerks can include tasks ranging anywhere from ministerial or operational (such as entering orders in the docket) to substantive legal work (such as conducting research and preparing drafts of orders). See Hunt v. Am. Bank & Tr. Co. of Baton Rouge, La., 783 F.2d 1011, 1016 (11th Cir. 1986); In re Allied-Signal Inc., 891 F.2d at 971 (judges have complete discretion in the use of their resources and the system is not intended to micromanage the relationship between judges and law clerks). From a review of the docket sheet and the initials next to each docket entry, there is simply no way to determine the scope of ABG's involvement in the case and her participation, if any, in the Court's decisions at Docket Nos. 158 and 221. What we do know is that the challenged decisions were made months prior to ABG's telephone contact with Defendants' counsel and the filing of the suit in Civil No. 26-1212 (SCC). Under these circumstances, the only reasonable conclusion is that an experienced judge like Hon. Judge García-Gregory exercised his own judgment in rendering all decisions. An objective, knowledgeable member of the public would not find a reasonable basis to question Hon. Judge García-Gregory's impartiality.

Further, any conflict that ABG might have had in this case would have only required insulating her from working on the case. In re Allied-Signal Inc., 891 F.2d at 972–73 ("If a clerk has a possible conflict of interest, it is the clerk, not the judge, who must be disqualified.") (quoting Hunt, 783 F.2d at 1016); Parker v. Connors Steel Co., 855 F.2d 1510, 1525 (11th Cir. 1988) ("when a judge's law clerk has a possible conflict of interest or knows of other disqualifying factors it is the clerk, not the judge, who must be disqualified."). Under no scenario would the "draconian remedy" of vacatur of Hon. Judge García-Gregory's decisions in Docket Nos. 158 and 221 be

---

[1] Recusals are within the sole discretion of each judge. Hon. Judge García-Gregory's decision to recuse does not change my analysis here.

Romero Acosta, et al. v. Bottles, et al.
Civil No. 23-1163 (GLS)

warranted. The cases cited by Defendants in support of their request dealt with very different facts than the ones at issue here. See Hall v. Small Bus. Admin., 695 F.2d 175, 176–77 (5th Cir. 1983) (judge erred by not disqualifying himself: "magistrate's sole law clerk was initially a member of the plaintiff class in this suit, had before her employment with the magistrate expressed herself as convinced of the correctness of its contentions, and accepted employment with its counsel before judgment was rendered" and the law clerk had sat in court during trial taking notes, prepared trial bench memoranda, and drafted part of the opinion); In re Al-Nashiri, 921 F.3d 224, 235-36 (D.C. Cir. 2019) (judge presiding over death-penalty eligible military trial applied for employment as immigration judge and continued to preside over the military trial after being selected for the position of immigration judge); Centripetal Networks, Inc. v. Cisco Sys., Inc., 38 F.4th 1025, 1033–34 (Fed. Cir. 2022) (judge failed to recuse even after learning that his wife had a financial interest in one of the parties).

And even assuming for purposes of discussion only that ABG was not timely separated from participating in substantive decisions in this case, any such delay would not warrant the retrospective relief sought by Defendants. See Liljeberg v. Health Servs. Acquisition Corp., 486 U.S. 847, 864 (1988) (listing factors needed to scrutinize prior to vacatur, including the risk of injustice to the parties in the case, the risk that the denial of relief will produce injustice in other cases, and the risk of undermining the public's confidence in the judicial process). Vacating the Court's orders at Docket Nos. 158 and 221 would result in an unnecessary repetition of the evaluation of the pleadings and a waste of time and resources for the parties and the Court in a case that has been pending for almost three (3) years. Further, even though Defendants claim that those decisions could be tainted by conflict, this is sheer speculation. There is no argument of actual bias against Defendants and there is also no indication that those decisions, made in the year 2025, were in any way marred by the purported conflict with Defendants' counsel. Importantly, and contrary to what has been argued by Defendants here, there will be no "after-effects" from ABG's involvement in the remainder of the proceedings in this case. The rulings at Docket Nos. 158 and 221 dealt with the plausibility of the claims asserted in the complaint and would not have preclusive effect on this or any other action. Indeed, the arguments discussed there are also part of the summary judgment record, which is pending evaluation by the Court. Any delay in separating ABG from the case would have thus been harmless. See In re Allied-Signal, 891 F.2d at 973–74 (finding that remedial considerations mentioned by the Supreme Court in Liljeberg weighed

4

Romero Acosta, et al. v. Bottles, et al.
Civil No. 23-1163 (GLS)

heavily against granting the requested retrospective relief); see e.g., Parker, 855 F.2d at 1528 (finding harmless error in decision not to recuse when law clerk was the son of counsel for one of the parties).

Defendants' motion at Docket No. 305 has no merit and is **DENIED**.

**IT IS SO ORDERED.**
In San Juan, Puerto Rico, this 22nd day of June 2026.

s/Giselle López-Soler
GISELLE LÓPEZ-SOLER
United States Magistrate Judge

5